IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALEXSAM, INC. ) | |
| ) | Civil Action No. 2:08-cv-00015-MHS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PIER 1 IMPORTS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF ALEXSAM, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW
THAT THE ALLEGED KMART SYSTEM IS NOT
PRIOR ART UNDER 35 U.S.C. § 102(a)**

The filing date of Alexsam's 6,000,608 patent ("the '608 patent") is July 10, 1997. Alexsam's 6,189,787 patent ("the '787 patent") receives the benefit of the same filing date as a continuation of the '608 patent. Regardless of the specific invention date that Alexsam can prove for the asserted patent claims, there is no evidence that would allow the Kmart system to be considered prior art under 35 U.S.C. § 102(a). No reasonable jury could conclude based upon the evidence presented at trial that the Kmart system was accessible to the public before August 17, 1997, which is after the July 1997 filing date of the '608 patent. Therefore, Alexsam respectfully requests that the Court grant judgment as a matter of law that the Kmart system is not prior art under 35 U.S.C. § 102(a).

**I.  LEGAL STANDARDS**

Invalidating a patent claim requires clear and convincing evidence. *Microsoft v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (June 9, 2011).

35 U.S.C. 102(a), entitled "35 U.S.C. 102 Conditions for patentability; novelty and loss of right to patent," states that "A person shall be entitled to a patent unless (a) the invention was

known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent."

The statutory language, "known or used by others in this country" (35 U.S.C. § 102(a)), means knowledge or use which is accessible to the public. *See, e.g.*, *Carella v. Starlight Archery & Pro Line Co.*, 804 F.2d 135, 139 (Fed. Cir. 1986).

Federal Rule of Civil Procedure 50(a)(1) provides:

> It a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

There must be more than a mere scintilla of evidence in the record to render the grant of JMOL inappropriate." *Wallace v. Methodist Hospital Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). "A court should grant a motion for judgment as a matter of law not only when the non-movant presents no evidence, but also when there is not a sufficient conflict of substantial evidence to create a jury question." *Travis v. Board of Regents of the Univ. of Tex. Sys.*, 122 F.3d 259, 263 (5th Cir. 1997). Rule 50 "allows the trial court to remove cases or issues from the jury's consideration when facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440 (2000) (quoting 9 Wright & Miller § 2521).

## II. TRIAL EVIDENCE

The filing date of Alexsam's '608 patent is July 10, 1997. Alexsam's '787 patent is a continuation of the '608 patent and is thus entitled to the same July 10, 1997 effective filing date. (PX1-2.)

Pier 1 asserts that the Kmart gift card system anticipates each of the asserted claims: 34, 36, 37 and 60 of the '608 patent and claim 1 of the '787 patent. The documents in evidence related to the Kmart system provide no basis for a finding that the Kmart system was accessible to the public before August 17, 1997. The primary document used as evidence of the pertinent details of the Kmart system is a confidential internal SVS system design manual. (DX1 at SVS 24263 (stating that the document is "Confidential and Proprietary Information.")) The evidence of record includes a press release issued by Kmart Corporation on August 5, 1997 that announced that the system would be publicly launched on August 17, 1997:

> TROY, Mich. - If you are looking for a unique gift that family members and friends can really use, your local Kmart store has the answer. Beginning Aug. 17, 1997, Kmart customers may purchase a retail Kmart Cash Card in any amount to give as a gift or use for their own shopping needs.

(DX376.)

Although Pier 1's witness, Michael Hasty, testified on direct examination that certain transaction logs demonstrated that the Kmart system was used and available in June and early July of 1997 (10/20 p.m. Tr. at 126:1-129:24), the small volumes of those transactions gave away that they were merely test transactions. More importantly, on cross examination Mr. Hasty admitted that there was no evidence that Kmart sold the cards to the public in that time frame and that the logged transactions could have been mere tests by SVS or Kmart employees:

> Q. Okay. Is it your testimony that those cards were sold in K-Mart stores to the general public?
> A. They were sold in K-Mart stores, yes.
> Q. To the general public?
> A. I don't know who they were sold to.
> Q. They could have been test transactions performed by K-Mart employees for purposes of testing the system, correct?
> A. They were in the K-Mart stores, yes.
> Q. But you can't discount the possibility that those transactions were test transactions by K-Mart employees or SVS employees in order to test the system, can you?
> A. That is correct.

3

(10/20 p.m. Tr. at 134:6-19.) He then conceded that there is no evidence that the Kmart card system was available to the public prior to the August 17, 1997 announced launch date:

> Q. You would agree, therefore, that based on K-Mart's own press release, that K-Mart gift card supported by SVS was not available for purchase by K-Mart customers until August 17, 1997, correct?
> A. It wasn't announced until that date, yes.
> Q. And, in fact, you have no evidence that it was actually available for purchase to K-Mart customers until at least August 17, 1997, correct?
> A. Correct.

(*Id.* at 135:20-136:3.) There was no other testimony at trial related to whether the Kmart system was accessible to the public before at least August of 1997.

## III. ARGUMENT

To qualify as prior art under § 102(a), the alleged prior art must be accessible to the public. *Carella*, 804 F.2d at 139. There is no evidence that the Kmart system was accessible to the public before at least August 1997. The only witness with any knowledge on the subject confirmed that there is no evidence of public availability before August 17, 1997. Because that is more than a month after the filing date of the '608 and '787 patents, Alexsam is entitled to judgment as a matter of law that the Kmart system is not § 102(a) prior art to any claim of these patents.

## IV. CONCLUSION

Alexsam respectfully requests that the Court grant judgment as a matter of law that the Kmart system is not prior art to U.S. Patent Nos. 6,000,608 or 6,189,787 under 35 U.S.C. § 102(a).

                                        Respectfully submitted,

Date: October 24, 2011       /s/Nicole L. Little
                                        Timothy P. Maloney (IL 6216483)
                                        Tpmalo@fitcheven.com
                                        Joseph F. Marinelli (IL 6270210)
                                        jmarinelli@fitcheven.com
                                        Alison Aubry Richards (IL 6285669)
                                        Arichards@fitcheven.com
                                        Nicole L. Little (IL 6297047)
                                        Nlittle@fitcheven.com
                                        David A. Gosse (IL 6299892)
                                        Dgosse@fitcheven.com
                                        FITCH EVEN TABIN & FLANNERY
                                        120 South LaSalle Street, Suite 1600
                                        Chicago, Illinois 60603
                                        Telephone: (312) 577-7000
                                        Facsimile: (312) 577-7007

                                        Steven C. Schroer (IL 6250991)
                                        scschr@fitcheven.com
                                        FITCH EVEN TABIN & FLANNERY
                                        1942 Broadway, Suite 213
                                        Boulder, Colorado 80302
                                        Telephone: (303)402-6966
                                        Facsimile: (303)402-6970

                                        Melissa Richards Smith
                                        Texas State Bar No. 24001351
                                        Melissa@gillamsmithlaw.com
                                        GILLAM & SMITH, L.L.P.
                                        303 South Washington Avenue
                                        Marshall, Texas 75670
                                        Telephone: (903) 934-8450
                                        Facsimile: (903) 934-9257

                                        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 24th day of October, 2011. Any other counsel of record will be served by first class mail.

/s/Nicole L. Little
Nicole L. Little
*Attorney for Alexsam, Inc.*